83 F.3d 428
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John E. MOSS, Plaintiff-Appellant,
v.
J.B. WILLIAMS, Correctional Lt., Defendant-Appellee.
 No. 95-15778.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 22, 1996.*
Decided April 26, 1996.
 
 Before: HALL, THOMPSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Evans Moss is an inmate at California's Pelican Bay State Prison. Proceeding pro se and in forma pauperis, he filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his Eighth Amendment rights by (1) placing him in a cell with another inmate who was under investigation for nearly killing his previous cellmate, and (2) making him sleep in a top bunk despite his documented seizure disorder. Named as defendants were the California Department of Corrections, Charles D. Marshall, who is the Warden at Pelican Bay, and J.B. Williams, who is a Lieutenant at Pelican Bay. The district court dismissed the action pursuant to 28 U.S.C. § 1915(d) without giving Moss an opportunity to amend and without considering the amended complaint that Moss filed after the dismissal order. Moss appeals.
 
 
 3
 28 U.S.C. § 1915(d) authorizes the district court to dismiss an action brought by a plaintiff who is proceeding in forma pauperis before the defendant is served if the action is "frivolous or malicious." Although there is substantial overlap between the standards governing dismissal pursuant to F.R.C.P. 12(b)(6) and 28 U.S.C. § 1915(d), "the one invariably [does not] encompass the other." Nietzke v. Williams, 490 U.S. 319, 328 (1988). "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal on Rule 12(b)(6) grounds is appropriate, but dismissal on the basis of frivolousness is not." Id. The Ninth Circuit has added that before the district court can dismiss a pro se litigant's complaint pursuant to 28 U.S.C. § 1915(d), it must "draft a few sentences explaining to the plaintiff the deficiencies and allow the plaintiff to amend." Hernandez v. Denton, 861 F.2d 1421, 1423 (9th Cir.1988). Dismissal without opportunity to amend is improper unless it "is absolutely clear that the deficiencies of the complaint could not be cured by amendment." Id.
 
 
 4
 The district court erred in dismissing Moss's claims against Marshall and Williams without leave to amend. To establish an Eighth Amendment violation in a conditions of confinement or inadequate medical care case, the inmate must prove that the prison official acted with "deliberate indifference to inmate health or safety." Farmer v. Brennan, 114 S.Ct. 1970, 1977-78 (1994). Deliberate indifference exists when the prison official "acted or failed to act despite his knowledge of a substantial risk of serious harm." Id. at 1981. It is not absolutely clear that if given a chance to amend, Moss would be unable to make an arguable claim that Marshall and Williams acted or failed to act with the requisite culpability. Moss should have been given an opportunity to amend.
 
 
 5
 The district court did not err in dismissing Moss's complaint against the California Department of Corrections. A state or state agency may not be named as a defendant in an action under 42 U.S.C. § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 64 (1989). In his amended complaint, Moss tries to name as a defendant the Director of the California Department of Corrections. A supervising state official may be liable if he "knew of the violation[ ] and failed to prevent [it]," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989), or established a custom or policy that led to the violation. See Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680 (9th Cir.1984). But there is no indication that the Director was aware of the alleged violations or that the alleged violations were caused by a custom or policy he established. The district court was not required to give Moss an opportunity to amend this part of his complaint.
 
 
 6
 AFFIRMED in part, REVERSED in part, and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3